IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CARL DAVID HARPER, et al.,

    Plaintiffs,

v.                                  CIVIL ACTION NO. 2:09-1122

CARMICHAEL EQUIPMENT, INC., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is plaintiffs' motion to remand. (Doc. #6). Defendant Deere & Company, a/k/a John Deere Company (hereinafter "John Deere") filed a brief in opposition to the remand motion and plaintiffs have filed a reply brief. John Deere has also filed a motion for leave to file a surreply in opposition to the motion to remand (Doc. # 10), a motion which plaintiffs oppose. The court GRANTS the motion to file a surreply and has considered the arguments contained therein in deciding the remand motion. For reasons expressed more fully below, the motion to remand is GRANTED.

I.  Background

    According to the allegations in the complaint, on June 28, 2007, plaintiff Carl David Harper was severely injured when the blades from a John Deere riding lawnmower struck his right hand and severed several fingers and his thumb. Complaint ¶¶ 9-12. The complaint further alleges that the "kill switch" on the

lawnmower was defective and/or inoperable and that Harper's injuries were a result of that malfunction.  Id. at ¶¶ 11, 12.

On January 2, 2009, Harper and his wife, Jana Harper, filed suit against John Deere and Carmichael Equipment, Inc. ("Carmichael") in the Circuit Court of Lincoln County.  The lawnmower at issue was purchased in 1995 from Carmichael[1], a John Deere retailer, and serviced by Carmichael on multiple occasions prior to the accident.  Id. at ¶¶ 6-8.  According to the complaint, the Harpers are citizens of West Virginia and defendant Carmichael is a West Virginia corporation with its principal place of business in West Virginia.  Id. at 1-2.  The complaint also contends that John Deere is a Delaware corporation with its principal place of business in West Virginia.  Id. at 3.  In its answer, Carmichael admitted that it was a West Virginia corporation but stated that its principal office was in Bidwell, Ohio.  Exhibit A to Plaintiffs' Motion to Remand.

By letter dated June 23, 2009, counsel for plaintiffs informed counsel for John Deere that "[a]s I am sure you know, the Plaintiffs' claims against Carmichael have now been resolved by settlement."  Exhibit B to Plaintiffs' Motion to Remand.  John Deere's attorney acknowledged his receipt of the letter and, by

---

[1] The lawnmower was actually purchased by the husband of Jacquelyn Garrett.  Id. at ¶ 6.  According to the complaint, Carl David Harper was operating the lawnmower on Mrs. Garrett's property at the time of the accident.  Id. at ¶¶ 9-10.

letter dated June 24, 2009, asked for "a copy of the release and all other agreements your clients have with Carmichael. . . ." Exhibit 1 to Plaintiffs' Reply (Letter of June 24, 2009 from Mark E. Gebauer to Brent K. Kesner).

Plaintiffs' counsel responded the next day to John Deere's request for a copy of the settlement agreement, indicating that "[b]ecause the settlement includes a confidentiality provision, I am unable to address the specifics of the settlement, or to provide a copy of the same." Exhibit 1 to Plaintiffs' Reply Brief (Letter of June 25, 2009 from Brent K. Kesner to Mark E. Gebauer). By letter dated June 25, 2009, counsel for John Deere requested a copy of the release and settlement papers directly from counsel for John Deere. See Exhibit 1 to Plaintiffs' Reply Brief (Letter of June 25, 2009 from Mark E. Gebauer to Jay M. Potter).

No later than July 2, 2009, plaintiffs had signed the Confidential Release and Settlement Agreement reflecting their settlement with Carmichael. See Exhibit 1 to Plaintiffs' Reply Brief (Letter of July 2, 2009 from Brent K. Kesner to Jay M. Potter). Also by that date, plaintiffs' counsel had signed an Agreed Partial Dismissal Order. Id. By letter dated July 6, 2009, counsel for John Deere forwarded the Agreed Partial Dismissal Order, signed by counsel for plaintiffs and Carmichael, to counsel for John Deere requesting his signature so that the

3

dismissal order could be entered by the court.  See Exhibit 1 to Plaintiffs' Reply Brief (Letter of July 6, 2009 from Jay M. Potter to Lora K. Dyer (local counsel for John Deere)).  On August 7, 2009, counsel for Carmichael forwarded the Release and Settlement Agreement to counsel for John Deere.  See Exhibit 1 to Plaintiffs' Reply Brief (Email dated August 7, 2009 from Jay M. Potter to Mark E. Gebauer).

As of August 21, 2009, John Deere had not returned the Agreed Dismissal Order to counsel for Carmichael.  See Exhibit 1 to Plaintiffs' Reply Brief (Letter of August 21, 2009 from Jay M. Potter to Brent K. Kesner).  Therefore, on August 25, 2009, counsel for Carmichael filed a Notice of Submission of Order, pursuant to Rule 24.01(c) of the West Virginia Trial Court Rules, with the circuit court asking the court to enter the Agreed Partial Dismissal Order.  See Exhibit 1 to Plaintiffs' Reply Brief (Notice of Submission of Order).  A copy of the Notice of Submission of Order was served on counsel for John Deere.  Id.  The circuit court signed the Agreed Partial Dismissal Order on October 1, 2009, dismissing defendant Carmichael.  See Exhibits attached to Notice of Removal.

On October 14, 2009, John Deere removed the case to this court based on diversity of citizenship.  Plaintiffs filed a motion to remand on October 27, 2009, arguing that the notice of removal was untimely.

## II.  Motion to Remand

The laws governing the removal of cases provide in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C.A. § 1332(a)(1).

28 U.S.C. § 1446 lays out the procedure to remove a case to federal court.  Regarding the applicable time limits, the statute provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or

>       other paper from which it may first be
>       ascertained that the case is one which is or has
>       become removable, except that a case may not be
>       removed on the basis of jurisdiction conferred by
>       section 1332 of this title more than 1 year after
>       commencement of the action.

The court is mindful that the party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. <u>Mulcahey v. Columbia Organic Chem. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).  If federal jurisdiction is doubtful, the case should be remanded to state court.  <u>See</u> <u>id.</u>

### III.  Analysis

Plaintiffs argue that remand is appropriate for two reasons.  First, they contend that the case was removable when it was filed because diversity actually was present at that time given that Carmichael was actually an Ohio corporation and not a West Virginia corporation as alleged in the complaint. In the alternative, plaintiffs contend that the case was removable by June 23, 2009, when counsel for plaintiffs gave counsel for John Deere written notice that they had settled their claims with Carmichael.  If the plaintiffs are correct on either point, the present removal is untimely.

A.    *The Case Stated by the Initial Pleading*

Even though the complaint alleged that Carmichael was a citizen of West Virginia and the answer filed by Carmichael admitted that it was a citizen of West Virginia (and also Ohio), plaintiffs contend that "Deere knew or should have known the

correct jurisdictional facts." Motion to Remand at 3. This argument has been squarely rejected by our appeals court.

According to the United States Court of Appeals for the Fourth Circuit:

> [O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "_stated_ by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading. Various aspects of the statute lead us to our conclusion.
>
> First, [plaintiff]'s interpretation that removability is determined solely by the objective facts underlying the action and not on what the parties pleaded or knew leads to the conclusion that the extended removal period provided by the second sentence of § 1446(b) applies only when some later development, such as the dismissal of a nondiverse party, eliminates the impediment to federal jurisdiction and allows removal. But while the belated _creation_ of a ground for federal jurisdiction is certainly one circumstance in which later removal may be permitted, the statute is not so limited. It declares that "[i]f the case _stated_ by the initial pleading is not removable," a notice of removal may be filed within 30 days after the defendant receives "an amended pleading, motion, order, or other paper _from which it may first be ascertained_ that the case is one which _is_ or has become removable." 28 U.S.C. § 1446(b) (emphasis added). Thus, the statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been _manifested_ only by later papers, revealing the

7

> grounds for removal for the first time.  It thus appears that the statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint.

Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) (emphasis in original).  The Lovern court concluded:

> Given this interpretation, we will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when.  Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Id.

　　　　Based on the foregoing, it is clear that the case stated by the initial pleading herein was not removable and plaintiffs' argument to the contrary is without merit.

B.      *Settlement with Carmichael*

　　　　John Deere argues that it was only when the state court signed the Agreed Partial Dismissal Order, on October 5, 2009, that the case became removable.  Plaintiffs contend that, because John Deere had written notice of its settlement with Carmichael as early as June 2009.  Given that 28 U.S.C. § 1446(b) requires the notice of removal be filed within 30 days of when "it may first be ascertained that the case is one which is or has become

removable," plaintiffs argue that the notice of removal was not timely. Accordingly, the question this court must answer is when did John Deere receive a pleading, motion, order, or other paper by which it could ascertain that the case was or had become removable.

In <u>Allison v. Meadows</u>, 2005 WL 2016815 (S.D.W. Va. 2005), Judge Goodwin considered this very issue, i.e., when does a case become removable if the plaintiff settles with the only nondiverse party? Judge Goodwin found "that for a case to become removable as a consequence of a settlement between the plaintiff and the only nondiverse party, a defendant must be able to establish with a reasonable degree of certainty that dismissal of the nondiverse defendant is an inevitability." <u>Id.</u> at *3. Judge Goodwin explained:

> Settlement negotiations are fraught with uncertainty and are often thwarted by a last minute change of heart or a debate over minutiae at the signing table. An opposing party's assertion that they will soon settle with another defendant, without more, falls short of the kind of assurance needed to inform the remaining defendant/s that the case has become removable. Thus, this court FINDS that the receipt of unsigned drafts of settlement documents, accompanied by a letter indicating an intent to release all claims against the nondiverse defendant, is not a sufficiently certain indication that the case is one which is or has become removable.
>
> * * *
>
> Unlike the receipt of a draft of a settlement agreement accompanied by a letter stating the

9

>parties' intent to settle, the receipt of a copy of the signed and executed release agreement is a sufficiently certain indication that the case is one which has become removable. The plaintiffs' signatures on the settlement agreement bind them to release the nondiverse defendant as a party to the action. Therefore, when [defendant] received the copy of the signed release, they could be certain that Meadows was now a party to the action in name only, and that the case had become removable.

Id.

The court finds the reasoning of Allison persuasive in the instant case. By August 7, 2009, counsel for John Deere had in its possession not only an executed copy of the settlement agreement, but also an Agreed Partial Dismissal Order, signed by counsel for plaintiffs and Carmichael. Due to John Deere's failure to sign and return the Agreed Dismissal Order to counsel for Carmichael, on August 25, 2009, counsel for Carmichael filed a Notice of Submission of Order, pursuant to Rule 24.01(c) of the West Virginia Trial Court Rules, with the circuit court asking the court to enter the Agreed Partial Dismissal Order. A copy of the Notice of Submission of Order was served on counsel for John Deere. This court need not decide exactly when the thirty-day limitations period began to run for John Deere to file its notice

of removal[2] because it is clear that by the end of August 2009,[3] John Deere had " a sufficiently certain indication that the case is one which has become removable." Id.  At that point, plaintiffs had done everything within their power to effectuate the voluntary dismissal of Carmichael.  See, e.g., Lesher v. Androzzi, 647 F. Supp. 920, 922 (M.D. Pa. 1986) ("Where plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. § 1446(b).").  Given the facts and circumstances of this case, the notice of removal was untimely.

Furthermore, John Deere's assertion to the contrary, numerous courts agree that "a written order is not necessarily a paramount consideration in determining whether a case is ripe for removal."  McMahon v. Advance Stores Co., Inc., 2008 WL 183715, *6 (N.D.W. Va. 2008) (quoting King v. Kayak Mfg. Corp., 688 F. Supp. 227, 230 (N.D.W. Va. 1988)); see also Fehlman v. McCaffrey, 2010 WL 1959534, *4 (D. Or. 2010) ("Accordingly, the removing

---

[2] Plaintiffs contend that the 30-day period began to run on June 23, 2009, when their attorney sent a letter to counsel for John Deere informing him of the settlement.

[3] The Certificate of Service contends that the Notice of Submission of Order was served on counsel for John Deere on August 25, 2009.  There is no indication that it was not received within the next few days.

defendants did not need to await entry of an order in state court dismissing the non-diverse defendant before filing their Notice of Removal."); M&K Chemical Engineering Consultants, Inc. v. Mallinckrodt, 2008 WL 182252, *2 (S.D. Ill. 2008) ("Both parties agree that the statute does not require that the non-diverse defendant be formally dismissed before removal become appropriate."); Hessler v. Armstrong World Indus., Inc., 684 F. Supp. 393, 395 (D. Del. 1988) (holding that 30 days for filing notice of removal began to run when defendants learned by letters from counsel and statements made in court that nondiverse defendants had settled); Lesher v. Androzzi, 647 F. Supp. 920, 922 (M.D. Pa. 1986) (finding "that a formal order of dismissal is not a prerequisite to removal under 28 U.S.C. § 1446(b)").

## IV.   Conclusion

For the foregoing reasons, the court finds that this case was removed outside the time period provided in 28 U.S.C. § 1446(b).  Therefore, plaintiffs' motion to remand is **GRANTED** and this case is **REMANDED** to the Circuit Court of Lincoln County, West Virginia.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record and to the Clerk of the Circuit Court of Lincoln County.

**IT IS SO ORDERED** this 24th day of June, 2010.

    ENTER:

    *David A. Faber*
    David A. Faber
    Senior United States District Judge